UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MANNIX FISHERIES, INC<br>AND<br>ANDREW MANNIX<br><br>*Plaintiff,*<br>vs.<br><br>TOWN OF MARSHFIELD<br>AND<br>MICHAEL DIMEO, IN HIS CAPACITY AS<br>HARBORMASTER OF THE TOWN OF<br>MARSHFIELD AND INDIVIDUALLY<br><br>*Defendants.* | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO. |

## ADMIRALTY COMPLAINT

Plaintiffs, Mannix Fisheries, Inc. and Andrew Mannix, by their attorneys, Looney & Grossman, LLP for their complaint allege upon information and belief as follows:

### I.    THE PARTIES

1. Plaintiff Mannix Fisheries, Inc. (hereinafter "Mannix Fisheries") is and at all relevant times was a Massachusetts corporation with a principal place of business in Marshfield, MA.

2. Plaintiff Andrew Mannix (hereinafter "Mannix") is and at all relevant times hereto was a resident of Marshfield, MA and the president and sole shareholder of Mannix Fisheries.

3. Defendant Town of Marshfield, MA (hereinafter "Marshfield") is a body corporate and politic lawfully chartered as a municipal government within and for the Commonwealth of Massachusetts.

4. Defendant Michael DiMeo in his capacity as harbormaster of the Town of Marshfield and Individually (hereinafter "DiMeo") is an adult individual who is and at all times relevant hereto has been the lawfully appointed harbormaster for the Town of Marshfield, MA and a resident of Scituate, MA.

## II.     JURISDICTION AND VENUE

5. This court has jurisdiction by virtue of 28 USC § 1333, admiralty, maritime and prize cases, as the actions complained of by plaintiffs include breaches of maritime contracts and acts of maritime negligence.

6. Defendant Town of Marshfield has consented to be sued by virtue of the Massachusetts Tort Claims Act, (hereinafter "MTCA") M.G.L. c. 258.

7. Plaintiffs have complied with all pre suit requirements of the MTCA having timely filed a presentment letter pursuant to M.G.L. c. 258, §4 which was denied by Marshfield.

8. To the extent any of Plaintiffs' claims for relief are also within this Court's subject matter jurisdiction on any other basis, Plaintiffs specifically claim the Court's admiralty jurisdiction pursuant to Federal Rule of Civil Procedure 9 (h).

9. Venue lies within this district under 28 USC § 1391(b)(1) and (2).

## III.    FACTS

10. Mannix Fisheries is and at all relevant times hereto was the owner of the FV LADY JANE. Official No. 652109, a commercial fishing trawler of fiberglass construction 34.6 feet long with a beam of 13.3 feet.

11. Mannix is and at all pertinent times was the captain of the FV LADY JANE and the person who made all operational decisions, ashore and at sea for the FV LADY JANE.

12. In compliance with all Marshfield waterways rules and regulations as enforced by Marshfield, Plaintiffs used a mooring at the Marshfield North Pier ("North Pier Mooring") from on or about September 2004 to on or about September 10, 2010 for the FV LADY JANE.

13. On March 16, 2010 Plaintiffs were told in a telephone call initiated by DiMeo that the North Pier Mooring was no longer available for the FV LADY JANE.

14. Plaintiffs in a face to face meeting with DiMeo in late August 2010 or early September 2010 were directed to use a mooring on the West Bank in Marshfield Harbor (hereinafter "West Bank Mooring") for the FV LADY JANE.

15. The West Bank mooring to which Plaintiffs were directed had been used for a number of years prior to 2010 for commercial fishing vessels but had not been used since a dredging project in Marshfield Harbor was completed in the spring of 2010.

16. Plaintiffs were never provided an explanation of why they could not continue to use the North Pier Mooring.

17. DiMeo knew Plaintiffs were going to use the West Bank Mooring in September 2010.

18. At all times relevant hereto Marshfield was acting as a wharfinger with respect to the Plaintiffs.

19. On the evening of September 11, 2010, the FV LADY JANE gradually sank at its assigned West Bank Mooring in Marshfield Harbor because there was not enough water to keep her afloat.

20. The FV LADY JANE's distressed sinking condition was first reported to the Marshfield Harbormaster's office around 8:00 p.m. on September 11, 2010.

21. It was not until around 10:00 p.m. on September 11, 2010 that Mannix was first alerted by the Marshfield Harbormaster's office to the FV LADY JANE's distress.

22. When Mannix arrived at the harbor and proceeded to the FV LADY JANE on the night of September 11, 2010 he was prohibited by DiMeo from attempting to salvage his electronics from the vessel's wheelhouse to which he had access and which was at that time not submerged.

23. Marshfield, in among other respects to be shown at trial, breached its duties as a wharfinger as follows:

   a. Providing a berth for the FV LADY JANE on September 11, 2010 without sufficient water depth for the FV LADY JANE to safely moor;
   b. Failing to take the necessary steps to determine the depth of the water at the Mooring prior to assigning it to Mannix;
   c. Providing a berth too close to the dredge cut/bank;
   d. Failing to consider properly the ramifications of the U.S. Army Coast of Engineering Dredging project;
   e. Failure to timely advise Mannix of the condition of the FV LADY JANE on September 11, 2010;
   f. Prohibiting Mannix from boarding the FV LADY JANE to salvage the vessel's electronic equipment;
   g. Deleting Mannix's emergency contact information from Marshfield's records;
   h. Failing to hire a qualified harbormaster;
   i. Failing to train properly its harbormaster;
   j. Failing to have any plans to respond to a sinking in the Marshfield harbor;
   k. Failing to implement properly any plans to respond to a sinking in the harbor;
   l. Failing to have reasonable plans to respond to a sinking in the harbor;

    m. Arbitrarily and capriciously denying Mannix access to the North Pier mooring he had used since 2004 requiring him to use the West Bank mooring.

24. As a result of Marshfield's breach of its duties as a wharfinger, the FV LADY JANE sank and Plaintiffs sustained damages in the amount of $111,000 as best can be now determined.

25. DiMeo individually and acting beyond his capacity as a harbormaster knew in September 2010 that the water depth at the West Bank mooring was insufficient to keep the FV LADY JANE afloat but intentionally, willfully and recklessly directed Plaintiffs to moor the FV LADY JANE at the West Bank mooring.

26. DiMeo individually and acting beyond his capacity as a harbormaster intentionally, willfully and recklessly deleted Plaintiffs' emergency contact information in the harbormaster's office prior to September 10, 2010.

27. DiMeo individually and acting beyond his capacity as a harbormaster intentionally, willfully and recklessly falsified Marshfield town records in September 2010 as to the depth of water required by the FV LADY JANE to remain afloat at the West Bank mooring.

## COUNT I
### [Breach of Wharfinger Contract Against Town Marshfield]

28. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 27 and Count I as if set forth in full herein.

29. From at least 2004 to September 10, 2010 Marshfield for consideration allowed the FV LADY JANE to berth at its North Pier and West Bank locations.

30. As a result of the use by the FV LADY JANE of Marshfield's berths from at least 2004 to September 10, 2010, valid and enforceable contractual obligations existed between the

parties including but not limited to Marshfield's obligation to provide Plaintiffs with a safe berth.

31. Marshfield breached its contract to provide a safe berth for the FV LADY JANE on September 10, 2010 by not providing a berth with adequate water at low tide to keep the vessel afloat.

32. Plaintiffs on their part complied with all obligations required of a mooring user.

   **WHEREFORE,** Plaintiffs pray that:

   a. This court order, adjudge and decree that Defendant Town of Marshfield, be found liable and pay to Plaintiffs the losses sustained herein by Plaintiffs together with pre-judgment and post judgment interest thereon, costs and reasonable attorney's fees.

   b. That this Court grant to Plaintiffs such other and further relief as may be just and proper including but not limited to a mooring in Marshfield Harbor.

## COUNT II
### [Negligence Against Town of Marshfield

33. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 32 above as if set forth in full herein.

34. Marshfield had a duty to provide Plaintiffs with a safe berth for the FV LADY JANE.

35. Marshfield breached its duty to provide a safe berth for the FV LADY JANE.

36. Marshfield had a duty to provide a well trained, competent harbormaster capable of responding to a vessel sinking in its harbor.

37. Marshfield breached its duty to provide a well trained, competent harbormaster to respond to a vessel sinking in its harbor.

38. The damages sustained by Plaintiffs were not the result of acts or omissions on their part.

   **WHEREFORE,** Plaintiffs pray that:

    a.  This court order, adjudge and decree that Defendant Town of Marshfield, be found liable and pay to Plaintiffs the losses sustained herein by Plaintiffs together with pre-judgment and post judgment interest thereon, costs and reasonable attorney's fees.

    b.  That this Court grant to Plaintiffs such other and further relief as may be just and proper including but not limited to a mooring in Marshfield Harbor.

## COUNT III
### [Deceit against Michael DiMeo, Individually]

39. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 38 above as if set forth in full herein.

40. DiMeo prior to September 11, 2010 knew that certain moorings in the area of Plaintiffs' West Bank mooring were moved because of inadequate depth of water for commercial fishing vessels.

41. DiMeo intentionally withheld the information about the water depth at the West Bank mooring from Plaintiffs in order to induce them to moor the FV LADY JANE at the West Bank mooring.

42. DiMeo intended that his failure to disclose his information about water depth at the West Bank mooring would be acted upon by the Plaintiffs.

43. DiMeo was under a duty to disclose his knowledge about the depth of water at the West Bank mooring to the Plaintiffs.

44. Plaintiffs incurred damages in the amount of $111,000 as best can be now determined directly as a result of DiMeo's failure to advise them about the water depth at the West Bank mooring.

**WHEREFORE,** Plaintiffs pray that:

    a.  This court order, adjudge and decree that Defendant Michael DiMeo, be found liable

and pay to Plaintiffs the losses sustained herein by Plaintiffs together with pre-judgment and post judgment interest thereon, costs, punitive damages and reasonable attorney's fees.

b. That this Court grant to Plaintiffs such other and further relief as may be just and proper.

          MANNIX FISHERIES, INC.
          ANDREW MANNIX

          By their attorneys

June 12, 2012          /s/ Bertram E. Snyder
          Bertram E. Snyder, BBO#471320
          Patrick O. McAleer, BBO#642627
          LOONEY & GROSSMAN, LLP
          101 Arch Street
          Boston, Massachusetts 02110
          (617) 951-2800
          bertsnyder@lgllp.com
          pmcaleer@lgllp.com

4842-0878-4399, v. 1